IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES and MICHELE RENEE GONZALES, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| LARISSA M. HILE, JENNA SEENEY, WILLIAM LONGIOIS, PATRICK H. MCDONALD, LARRY SPEARS, JR., CITY OF ORANGE, LANE MARTIN, MIKE KUNTZ, DYLAN JINKS, WADE ROBERTSON, ANTHONY GRANTHAM, LESLIE LOVELACE, JASON ASHWORTH, STEPHEN WARD, ORANGE COUNTY SHERIFF'S DEPARTMENT, LISA GARZA, THE MEDICAL CENTER OF SOUTHEAST TEXAS, JIMMY MOONEY, MICHAEL KOLCUN, VALBHAV KHASGLWALIA, | § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANTS HILE AND SEENEY'S MOTION TO DISMISS (Doc. #14)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72.  Pending before the court is Defendants Hile and Seeney's Motion to Dismiss.  (Doc. # 14.)  After review, the undersigned recommends that the motion to dismiss be granted as to claims under 42 U.S.C. §1983, and that court should decline supplemental jurisdiction of any state law claims.

## I. Plaintiffs' Claims and Procedural History

Plaintiffs Edward Lee Gonzales and Michele Renee Gonzales, proceeding *pro se*, filed this action on June 12, 2023, against twenty defendants alleging claims under 42 U.S.C. §1983 for violations of Mr. Gonzales'[1] constitutional rights under the First, Second, Fourth, Fifth, Eight, Ninth, and Fourteenth Amendments, as well as alleged state law violations under the Texas Penal Code. (Doc. #1 at 15.)

Plaintiffs' claims arose on June 24, 2022. (*Id*. at 16.) According to the complaint, at around 8:40 pm on that date, Plaintiffs brought their friend Tom Royston, who was bleeding uncontrollably, to Exceptional Emergency Center. (*Id*. at 3, 16.) Defendant Hile, an Exceptional Emergency Center employee, believed Mr. Gonzales was interfering with Royston's treatment. (*Id*. at 16.) Defendant Hile asked Plaintiffs to leave. (*Id*.) Defendant Seeney, also an Exceptional Emergency Center employee, told Plaintiffs she "was instructed to get the Patients keys" from Mr. Gonzales. (*Id*.) Plaintiffs gave Defendant Seeney Royston's keys and left. (*Id*.) Donald Flannery, an unrelated bystander, drove the Plaintiffs to Royston's home where Plaintiffs parked their car. (*Id*.) Around 10:56 pm, Plaintiffs returned to Exceptional Emergency Center to pick up Royston. (*Id*.) There, Mr. Gonzales accused Defendant Seeney of lying about the keys and took photos of license plates of cars in the parking lot. (*Id*.) Defendant Hile called the police. (*Id*.) Mr. Gonzales was detained, questioned, and subsequently arrested by City of Orange police. (*Id*.) Plaintiffs allege that after Mr. Gonzales' arrest, City of Orange Police took statements from Defendants Hile and Seeney. Plaintiffs allege these statements were false.

---

[1] Michele Gonzales is listed as a plaintiff and signed the complaint, but it was unclear until the case management conference which legal claims belonged to her.

Against Defendants Hile and Seeney, Plaintiffs allege claims under the Texas Penal Code sections 31.01, 31.02 and 31.03 and 42 U.S.C. §1983 for violations of the Gonzales' constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments, including a claim of conspiracy between Captain Longlois and Officer McDonald and the nursing staff to falsify charges against him. (*Id.* at 15.)

On July 19, 2023, Defendants Hile and Seeney filed a Motion to Dismiss Plaintiff's claims against them pursuant to FED. R. CIV. P. Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. #14.) Defendants argue that (1) Plaintiffs lack Article III standing to bring constitutional claims under 42 U.S.C. §1983 as Defendants Hile and Seeney were not acting under the color of state or local law, and (2) Plaintiffs fail to state claims for which relief can be granted under the Constitution and Texas Penal Code. (Doc. #14.) After the time for a response passed and no response was filed, the undersigned issued a Report and Recommendation ("R&R") granting the motion on August 25, 2023. (Doc. #24.) Upon receipt of the R&R, Plaintiffs alerted the court that they had not timely received the Defendants' motion. Plaintiffs then filed objections to the Report. Due to the lack of proper service, the undersigned withdrew the R&R. (Doc. #30.)

At the Rule 16 case management conference on September 12, 2023, Plaintiffs indicated that doc. #25, filed on August 30, 2023, should be construed as their response to the motion to dismiss. Thereafter Plaintiffs filed a supplemental response to the motion on September 19, 2023. (Doc. #38.) This motion is now ripe for review.

## II.    Legal Standard

### A. 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his

claim that would entitle him to relief.  *Ruiz v. Donahue*, 569 F. App'x 207, 210 (5th Cir. 2014) (per curiam) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2002)).  In considering a motion to dismiss, the court must accept as true the allegations and facts set forth in the complaint and may consider matters of fact which may be in dispute.  *Id.*  Generally, the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *Ramming*, 281 F.3d at 161 (citations omitted).

If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.), *cert. denied* 536 U.S. 960 (2002) (citations omitted); *see also Goudy-Bachman v. U. S. Dep't of Health and Hum. Servs.*, 764 F. Supp. 2d 684, 689 (M.D. Pa. 2011) (citing *Tolan v. United States*, 176 F.R.D. 507, 509 (E.D. Pa. 1998) ("[w]hen a motion is premised on both lack of subject matter jurisdiction and another Rule 12(b) ground, mootness concerns dictate that the court address the issue of jurisdiction first.")); *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citations omitted) ("A [motion to dismiss] for lack of subject matter jurisdiction must be considered . . . before other challenge 'since the court must find jurisdiction before determining the validity of a claim.'")

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Bryan v. Stevens,* 169 F. Supp. 2d 676, 681 (S.D. Tex. 2001) (citing *Den Norske Stats Oljeselskap As v. Heeremac Vof*, 241 F.2d 420, 424 (5th Cir. 2001)); *see also Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015).  A motion to dismiss based on the complaint alone presents a "facial attack," and requires the trial court "merely to look to

4

the sufficiency of the allegations in the complaint because they are presumed be true." *Bridges v. Freese*, 122 F. Supp. 3d 538, 542 (S.D. Miss. 2015) (quoting *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).  In contrast, a "factual" attack challenges the existence of subject matter in fact, irrespective of the pleadings, and matters outside pleadings, such as testimony and affidavits, are considered.  *Id.* (quoting *Menchacha v. Chrysler Credit Corp.*, 613 F.2d 661, 663 (5th Cir. 1980)).

### B.  12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555.  To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).  "While legal conclusions can provide the complaint's framework, they must be

supported by factual allegations." *Iqbal,* 556 U.S. at 679.  The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiffs' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

### III. Discussion and Analysis

#### A. Plaintiff Michele Gonzales asserts no claims against Hile and Seeney

Although Plaintiffs' complaint repeatedly states that all claims are brought on behalf of both plaintiffs, Plaintiff Michele Gonzales admitted at the case management conference that she asserts no claims against Hile and Seeney.  As a result, the undersigned recommends that any claims asserted in the complaint on behalf of Michele Gonzales against Defendants Hile and Seeney be dismissed.  Hereinafter the court will address only the claims of Plaintiff Edward Gonzales and the term "plaintiff" shall only relate to Mr. Gonzales.

#### B. Plaintiffs' Constitutional Claims under 42 U.S.C. §1983

Plaintiff alleges under 42 U.S.C. §1983 various violations of his constitutional rights. (Doc. #1 at 15.)  However, 42 U.S.C. §1983 allows individuals to sue those who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."  42 U.S.C. §1983.  Under §1983, "[p]rivate individuals are generally not considered to act under state law."  *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005); *Gilbert v. French*, 665 F. Supp. 2d 743, 766 (S.D. Tex. 2009).  Only in rare circumstances where private actors "conspired" with government actors, will courts find a private party acted under color of law. *Richard v. Hoechst Celanese Chem. Grp.*, 355 F.3d 343, 353 (5th Cir. 2003).

Under Article III of the United States Constitution, federal courts may only hear actual cases or controversies. U.S. CONST. art. III, § 2, cl. 1; *Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831-32 (5th Cir. 2023). A party without standing cannot present an actual case or controversy. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992).

Nothing in the complaint suggests Defendants Hile and Seeney acted under the color of state law. Plaintiff does not allege that either Defendant was a public official acting in their official capacity on June 24, 2022. Instead, Plaintiff alleges that both Defendant Hile and Seeney were employees of Exceptional Emergency Center. (Doc. #1 at 3.) According to the complaint, Defendant Hile called the police when she thought Mr. Gonzales was disrupting the treatment of patients. (*Id*. at 16.) Defendant Hile's interaction with the police is merely that of a private citizen reporting an incident to law enforcement. *See Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001) ("The Supreme Court has held that a private party's invocation of state legal procedure does not constitute state action where the procedure is permissive and not mandatory.") (*citing Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164-65 (1978)). The complaint does not allege Defendant Seeney is a governmental official. (Doc. #1 at 16.) Accordingly, Plaintiff does not have standing to sue Defendants Hile and Seeney as state actors under 42 U.S.C. §1983 because Plaintiff cannot prove any set of facts wherein Hile or Seeney could be liable for violations of the First, Fourth, Fifth or Fourteenth Amendments, and the undersigned recommends dismissing these claims for lack of jurisdiction, without prejudice.

C. Conspiracy under §1983

Plaintiff alleges that Defendants Hile and Seeney conspired with the officers and gave false statements. Construing the Plaintiff's filings liberally, as the undersigned is required to do

with *pro se* pleadings, the undersigned concludes that Plaintiff asserts a conspiracy claim under §1983. This claim survives a 12(b)(1) standing analysis, and therefore, the undersigned analyzes the claim under Rule 12(b)(6). *See Thomas v. State*, 294 F. Supp. 3d 576, 620 (N.D. Tex. 2018) (dismissing §1983 conspiracy claims under Rule 12(b)(1) for a judge with Eleventh Amendment immunity while, but under Rule 12(b)(6) for other defendants alleged to have participated in the conspiracy).

As set forth above only in rare circumstances where a private actor conspires with a state actor, can a plaintiff proceed on a conspiracy claim under §1983. To assert a claim for civil conspiracy under §1983 against a private actor, a party must allege that the private party engaged in a conspiracy with state actors to violate the plaintiff's constitutional rights. *Tebo v. Tebo.*, 550 F.3d 492, 496 (5th Cir. 2008). A party must further allege that the private and public actors entered into an agreement to commit an illegal act, and that the plaintiff's constitutional rights were violated. Indeed, a plaintiff "must allege specific facts to show an agreement." *Priester v. Lowndes Cnty*, 354 F.3d 414, 421 (5th Cir. 2004.)

Plaintiff's conspiracy claims against Defendants Hile and Seeney fail under the pleading standards of Rule 12(b)(6) because there are no plausible allegations of an agreement between Hile and Seeney and any state actor to commit an illegal act. While the court must accept all factual allegations as true, it cannot accept conclusory statements or legal conclusions. *Twombly*, 550 U.S. at 555. Here, Plaintiff's claims of a §1983 conspiracy are speculative, conclusory, and not specific. Further, private citizens such as Defendants Hile and Seeney, who provide information to the police, are not state actors or conspirators simply because the information leads to an arrest. *Bogus v. Harris Cnty Dist. Atty.*, 830 F. App'x 746, 748 (S.D. Tex. 2020.)

Where a plaintiff offers only the conclusory allegation of conspiracy to support a §1983 claim, a court should dismiss the claim for failure to state claim upon which relief can be

8

granted. FED. R. CIV. P. 12(b)(6); *see, e.g.*, *Priester*, 354 F.3d at 420; *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 783-84 (N.D. Tex. 2014). Plaintiff has failed to state a plausible claim for conspiracy under Rule 12(b)(6), the undersigned recommends that these claims be dismissed with prejudice.[2]

### D. Plaintiffs' State Law Claims

Plaintiffs allege Defendants Hile and Seeney violated three parts of the Texas Penal Code. The undersigned recommends dismissing these claims because the court lacks subject matter jurisdiction over the state law claims.

Federal statutes provide federal courts with three types of subject matter jurisdiction: (1) federal question jurisdiction, 28 U.S.C. §1331, (2) diversity jurisdiction, 28 U.S.C. §1332, (3) supplemental jurisdiction, 28 U.S.C. §1367. Plaintiffs' state law claims do not present a question of federal law, nor do Plaintiffs allege the necessary facts to establish federal diversity jurisdiction.[3] The court initially had supplemental jurisdiction over Plaintiffs' state law claims because the state law claims arose from the "same case or controversy" as Plaintiffs' 42 U.S.C. §1983 claims. 28 U.S.C. §1367. However, federal statute provides that district courts may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c).

As the undersigned recommends dismissing Plaintiffs' 42 U.S.C. §1983 claims for lack of subject matter jurisdiction and failure to state a claim, the court has discretion to dismiss Plaintiff's state law claims. After the anchor claims are dismissed, the general rule in the Fifth Circuit is for the court to dismiss claims based on supplemental jurisdiction. *Enochs v.*

---

[2] While dismissal under 12(b)(1) is dismissal without prejudice, dismissal under 12(b)(6) is dismissal with prejudice. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209-10 (5th Cir. 2016).
[3] Federal diversity jurisdiction requires (1) complete diversity of citizenship, and (2) the amount in controversy must exceed $75,000. 28 U.S.C. §1332. Complete diversity can come in different forms, but generally is met when no plaintiff shares a home state with any defendant. *Id.*

*Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011); *Carney v. New Orleans City*, 468 F. Supp. 3d 751, 768 (E.D. La. 2020). The undersigned finds no reason to depart from this general rule.

    E.   <u>Leave to Amend</u>

Leave to amend to cure pleading deficiencies should be freely given unless the court finds that amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). The undersigned believes any amendments to Plaintiff's complaint to correct the above jurisdictional and pleading issues would be futile, as Defendants Hile and Seeney are simply not state actors for the purposes of 42 U.S.C. §1983, nor can Plaintiff properly allege a conspiracy between Defendants Hile and Seeney and any state actor. Indeed, the body camera footage in this case would foreclose any viable claim for conspiracy. As the Plaintiff submitted to the court the body camera footage relevant to this dispute, the undersigned deems it appropriate to consider it in connection with the issue of futility of an amended pleading.

The body camera footage shows that Officer McDonald and Captain Longlois interviewed Defendants Hile and Seeney on June 24, 2022, regarding their interactions with the Plaintiff. The video shows that Officer McDonald requested each Defendant prepare a statement, writing what they saw, what was said, using exact language, and how they felt about their interactions with Plaintiff. The body camera footage of Officer McDonald also shows him waiting while the Defendants prepare their statements. Nothing in the body camera footage reveals any agreement between the Defendants and the officers to commit an illegal act as would be required to assert a claim for civil conspiracy under §1983. As such, any attempt at amending this claim is futile and the undersigned recommends that the Plaintiff not be granted leave to amend.

### IV. Conclusion

Plaintiff Michelle Gonzales admittedly fails to state any claims against Defendants Hile and Seeney and all claims by Michelle Gonzales against Defendants Hill and Seeney should be dismissed. Plaintiff Edward Gonzales lacks standing under FED. R. CIV. P 12(b)(1) to bring 42 U.S.C. §1983 claims and his claims for civil conspiracy fail to state a claim under FED. R. CIV. P. 12(b)(6). Finally, the court should decline to exercise supplemental jurisdiction over the state law claims.

### V. Recommendation

For the foregoing reasons, the undersigned recommends all claims asserted by Michelle Gonzales be dismissed as she admittedly asserts no claims against Defendants Hile and Seeney. The undersigned further recommends that the Motion to Dismiss (Doc. #14) under Rule 12(b)(1) be **GRANTED** on lack of subject matter jurisdiction as to all claims asserted by Edward Gonzales under 42 U.S.C. §1983 without prejudice, except the claim for conspiracy; Edward Gonzales' civil conspiracy claim under 42 U.S.C. §1983 should be dismissed with prejudice under FED. R. CIV. P. 12(b)(6) for failure to state a claim; leave to amend should not be granted, and the undersigned further recommends that the court decline to exercise supplemental jurisdiction over supplemental state law claims.

### VI. Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 3rd day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE