IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDWARD LEE GONZALES and MICHELE RENEE GONZALES, | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | CIVIL ACTION NO. 1:23-CV-227-MJT-CLS |
| LARISSA M. HILE, JENNA SEENEY, WILLIAM LONGIOIS, PATRICK H. MCDONALD, LARRY SPEARS, JR., CITY OF ORANGE, LANE MARTIN, MIKE KUNTZ, DYLAN JINKS, WADE ROBERTSON, ANTHONY GRANTHAM, LESLIE LOVELACE, JASON ASHWORTH, STEPHEN WARD, ORANGE COUNTY SHERIFF'S DEPARTMENT, LISA GARZA, THE MEDICAL CENTER OF SOUTHEAST TEXAS, JIMMY MOONEY, MICHAEL KOLCUN, VALBHAV KHASGLWALIA, | § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**MEMORANDUM ORDER OVERRULING
PLAINTIFFS' OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE [Dkt. 45]**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the Honorable Christine L. Stetson to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Local R. CV-72.

On September 18, 2023, Judge Stetson issued a Report and Recommendation [Dkt. 45] with the following conclusions and recommendations: (1) Plaintiff Michelle Gonzales asserts no claims against Defendants Hile and Seeney, (2) Defendants Hile and Seeney are not state actors

under 42 U.S.C. §1983, (3) Plaintiff Edward Gonzales's lacks standing under 42 U.S.C. §1983 to sue Defendants Hile and Seeney as state actors, (4) the Court should grant Defendant Hile and Seeney's motion under 12(b)(1) as to the claims in which Defendants Hile and Seeney are alleged to be state actors, (4) Plaintiff Edward Gonzales fails to properly plead that a conspiracy exists under 42 U.S.C. §1983 between Defendants Hile and Seeney and the police, and (5) the Court should grant Defendants Hile and Seeney's motion to dismiss under Rule 12(b)(6) as to those conspiracy claims.

### I. Plaintiffs' Objections to the Report and Recommendation are Overruled

On October 12, 2023, Plaintiffs filed objections to the Report and Recommendation [Dkt. 47]. Plaintiffs' objections were filed timely. A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Although Plaintiffs filed written objections in a timely manner, they failed to specifically identify the findings or recommendations to which he objected—including the place in the magistrate judge's report and recommendation where the disputed determination is found—in several portions of the objections [Dkt. 47]. Additionally, much of the objections merely restates

arguments from Plaintiffs' complaint [Dkt. 1] and their construed response to Defendants Hile and Seeney's Motion to Dismiss [Dkt. 38], and are somewhat disorganized and irrelevant to Judge Stetson's Report and Recommendation. Nonetheless, the Court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation [Dkt. 45] to which Plaintiffs have discernably objected.

Plaintiffs' only discernable objection is that Judge Stetson erred in finding that Plaintiffs did not sufficiently plead that Defendants Hile and Seeney conspired with local police [Dkt. 45 at 7, 8, 24, and 42]. 42 U.S.C. §1983 allows individuals to sue those who act "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. §1983. Under §1983, "[p]rivate individuals are generally not considered to act under state law." *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005); *Gilbert v. French*, 665 F. Supp. 2d 743, 766 (S.D. Tex. 2009). Only in rare circumstances where private actors "conspired" with government actors, will courts find a private party acted under color of law. *Richard v. Hoechst Celanese Chem. Grp.*, 355 F.3d 343, 353 (5th Cir. 2003). Presumably, Plaintiffs also object to the dismissal of the conspiracy claims with prejudice under Rule 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. Louisiana*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly,* 550 U.S. at 555. To decide whether the complaint states a valid claim for relief, the Court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge,* 624 F.3d at 210. However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging*, *LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

Proceeding *pro se*, Plaintiffs' pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the Court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

Even under the less stringent standards placed on a *pro se* plaintiff's pleadings, Plaintiffs make only conclusory allegations of conspiracy. *See, e.g.*, [Dkt. 47 at 7] ("Defendants Conspired Under 18 U.S.C.241 and 242"); [*id.* at 8] (alleging Defendants Hile and Seeney "[c]onspired with officers in trying to charge me for something we didn't do"); [*id.* at 24] (describing the officers as "conspiring with nurses in what to put on statement to make a worse charged if you put this in there"); [*id.* at 32] ("Plaintiffs allege that Defendants Hile and Seeney Conspired with Officers and Gave False statements.and False Reporting and theft by deception"). Additionally,

4

based on Plaintiffs' alleged version of events, Defendants Hile and Seeney relayed to the police Plaintiffs' "exact words" [*id.* at 24] and directed the police to video footage [*id.* at 25], and the police "believe[d] [the Defendants] 100%" [*id.* at 28]. Taken as true, those facts suggest Defendants Hile and Seeney cooperated, rather than conspired, with the police. *See Bogus v. Harris Cnty Dist. Atty.*, 830 F. App'x 746, 748 (S.D. Tex. 2020) (finding private individuals do not act under the color of state law for §1983 purposes by merely providing information to law enforcement).

The Court also agrees with Judge Stetson's finding that leave to amend to cure the above deficiencies in Plaintiff Edward Gonzales's civil conspiracy claim would be futile. The body camera footage submitted by Plaintiffs shows that Officer McDonald and Captain Longlois interviewed Defendants Hile and Seeney on June 24, 2022, regarding their interactions with the Plaintiffs. The video shows that Officer McDonald requested each Defendant prepare a statement, writing what they saw, what was said, using exact language, and how they felt about their interactions with Plaintiffs. The body camera footage of Officer McDonald also shows him waiting while the Defendants prepare their statements. Nothing in the body camera footage reveals any agreement between the Defendants and the officers to commit an illegal act as would be required to assert a claim for civil conspiracy under §1983. As such, any attempt at amending this claim is futile and the Court finds will not give Plaintiffs leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (noting leave to amend to cure deficiencies in pleadings be freely granted unless amendments would be futile).

Nothing in the record reflects the allegation that Defendants Hile and Seeney conspired with the police to violate Plaintiff Edward Gonzale's constitutional rights. Accordingly, the Court agrees with Judge Stetson that Plaintiffs fail to state a civil conspiracy claim for which relief can be granted. Plaintiffs' civil conspiracy claims are dismissed with prejudice.

## II.     Conclusion and Order

The Court has conducted a *de novo* review of Plaintiffs' objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Plaintiffs' objections [Dkt. 47] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 45] is ADOPTED. Defendants Hile and Seeney's Joint Motion to Dismiss [Dkt. 14] is GRANTED, in part, under Rule 12(b)(1) as to claims that allege Defendants Hile and Seeney are state actors for the purposes of 42 U.S.C. §1983, and GRANTED, in part, under Rule 12(b)(6) as to those claims which allege Defendants Hile and Seeney conspired with state actors for the purposes of 42 U.S.C. §1983.

**SIGNED this 17th day of October, 2023.**

Michael J. Truncale
United States District Judge